Richard PAYNE, Plaintiff-Appellant,

v.

Scottie BURNS, Sheriff Escambia County, J.B. Redman, Lt., and Cecil White, Officer, Defendants-Appellees.

No. 83–7016
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 23, 1983.

William Roy Stokes, Brewton, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, HILL and FAY, Circuit Judges.

PER CURIAM:

This is the third appeal in a civil rights action brought under 42 U.S.C. Sec. 1983. Payne is a Florida state prisoner. His sole remaining claim is that the defendants, who are law enforcement officers in Escambia County, Alabama, deprived him of a federal right to challenge, by petitioning for the writ of habeas corpus, the order of the governor of Alabama granting extradition of him to Florida.[1]

A state prisoner sought to be extradited has a federal constitutional right to test the validity of his extradition by filing a writ of habeas corpus. *Crumley v. Snead,* 620 F.2d 481 (5th Cir.1980). There is, however, no constitutional requirement that the validity of every extradition be tested by a habeas corpus proceeding. The petitioner must seek the writ, and Payne never applied. Nor does the record support that the officers frustrated or prevented his applying. The most that Payne did was to communicate in some manner with a state judge, indicating to him that Florida officials, who had charged him with escape, had made a mistake. The judge sent the local state public defender to see Payne. The district court found, and the record supports, that the public defender advised Payne not to fight extradition because he would antagonize Florida officials for no good reasons, and that Payne followed that advice and decided not to challenge the extradition and did not challenge it.

Payne also contends that he has a federal claim arising out of the alleged failure of the defendants to accord him the rights guaranteed by Code of Alabama 1975, Sec. 15–9–38(b), which provides:

If the prisoner, his friends or counsel shall state that he or they desire to test the legality of the arrest, the prisoner shall be taken forthwith before a judge of a district or circuit court in this state, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

This statute is not directed to whether a prisoner will elect to file or not file a petition but rather guarantees him time in which to apply for the writ and holds his extradition in limbo during such time. It prevents an unseemly race to get the prisoner to the state line while he is trying to get a petition filed. Pretermitting whether the Alabama statute is constitutionally required, the statute is not violated when a prisoner, with counsel and with time available to him within which to apply for a writ of habeas corpus, elects not to apply. Once Payne accepted the advice of the lawyer and concluded that he was not interested in seeking a writ, the sheriff was not required to bring Payne before a judge in order to have the judge set a time within which he could file a petition.

AFFIRMED.

---

1. For earlier decisions, *see Payne v. Burns,* 640 F.2d 382 (5th Cir.1981) (unpublished) and *Payne v. Burns,* 665 F.2d 352 (11th Cir.1981).